### 23280

In the Matter of John Land JOHNSON, Judge of the Probate Court for Lexington County, Respondent.

(397 S.E. (2d) 522)

Supreme Court

*Heyward E. McDonald,* and *James B. Richardson, Jr.,* Columbia, *for respondent.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore,* and *Asst. Atty. Gen. James G. Bogle, for examiner.*

Oct. 8, 1990.

*Per Curiam:*

This is a judicial disciplinary action. We find respondent guilty of misconduct in two matters.

### DEPARTMENT OF MENTAL HEALTH FUNDS

In April 1984, as Probate Judge for Lexington County, respondent signed an agreement between the Department of Mental Health (DMH) and the Lexington County Probate Court entitled "Contract for the Services of Lexington County Probate Court." The agreement provided that for a fee (essentially $100 per hearing) the Lexington County Probate Court would hold hearings for involuntarily committed DMH patients from outside the county at the facility where

the patients resided in order to eliminate the need for DMH to transport these patients back to their counties of legal residence. The same basic agreement was signed each year and remained in effect through June 30, 1989.

An internal audit of the Lexington County Probate Court was conducted at the request of the County Administrator for the period of July 1, 1984, through September 30, 1989. The audit revealed that respondent received a total of $199,970.00 from DMH pursuant to the agreement. Of this amount, he remitted only $97,307.89 to the Lexington County Treasurer. At the time of the audit, $6,592.57 of the $102,662.00 that was not remitted to the county remained in a checking account in respondent's name entitled "Mental Health Fund—Lex. Cty. Probate."

Respondent spent $96,069.54 of the funds received from DMH at his own discretion. Some of the money was spent on donations ($769.00) and items relating to probate court matters such as "medical expenses for mental health patients: $2,530.78." Over half of the funds, however, were spent on less altruistic projects, including:

$18,555.00: supplements to respondent's salary;
5,074.00: respondent's automobile insurance and expenses;
27,113.07: respondent's travel expenses for conferences and meetings;
5,770.00: cash advances or cash withheld from deposits.

Over $8,000.00 remains totally unaccounted for.

Until its amendment in 1988, S.C. Code Ann. § 8-21-760 (1986) provided:

> The probate judges of the several counties shall receive such salaries for performance of their duties as may be fixed by the governing body of the county, which shall not be diminished during their terms of office.
>
> Such compensation shall not be measured or affected by the fees and costs received by such officers under the provisions of this article.
>
> All such fees and costs received under the provisions of this article [Article 7 of Chapter 21] by such officials of any county shall be accounted for and paid into the general fund of the county as directed by the governing body thereof.

Respondent claims his failure to remit the DMH funds to the

county was not unlawful under this section because the DMH funds are not among the fees and costs specifically enumerated in Article 7. This claim is untenable. It is undeniable that respondent was acting in his capacity as probate judge when holding the DMH hearings. Any fees collected in his capacity as probate judge are "probate fees" governed by Article 7 whether specifically enumerated therein or not.

Moreover, § 8-21-760 as amended in 1988 specifically provides:

> Any renumeration received by a probate judge for performing duties assigned by the Department of Mental Health must be remitted by the probate judge to the county treasurer for deposit into the general fund of the county.

This amendment became effective January 1, 1989, yet respondent continued to deposit DMH funds in his own account.

We find respondent has violated Canons 1 and 2(A) of the Code of Judicial Conduct in failing to observe high standards of conduct and failing to respect and comply with the law.

## GALLISHAW MATTER

In January 1989, respondent prepared a petition in a probate matter for administration of an estate of less than $10,000. Mrs. Doris Gallishaw was the petitioner. Respondent admitted he signed Mrs. Gallishaw's name on the verification of the petition and then notarized her purported signature in order to expedite the matter. We find this conduct violated Canons 1 and 2 of the Code of Judicial Conduct.

Respondent is hereby publicly reprimanded. Pursuant to Supreme Court Rule 34, § 25, no motion for rehearing shall be entertained in this matter.

Public Reprimand.